FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 NOV 13  PM 12: 08

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LEONARD W. GIDDENS, JR.,           )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    CV 105-166
                                   )
TONY HOWERTON, Warden, Augusta     )
State Medical Prison, et al.,      )
                                   )
         Defendants.               )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Leonard W. Giddens, Jr., an inmate incarcerated at Calhoun State Prison ("CSP") in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] As the complaint was filed *in forma pauperis*, it must be screened to protect potential defendants.[2] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

---

[1] Although Plaintiff is currently incarcerated at CSP, the events forming the basis of this lawsuit occurred while he was incarcerated at Augusta State Medical Prison in Grovetown, Georgia.

[2] This case was originally filed in the Middle District of Georgia and was then transferred to this District by the September 27, 2005 Order of the Honorable Claude W. Hicks, Jr., United States Magistrate Judge. Giddens v. Howerton, 5:2005-cv-00207 (M.D. Ga. Sept. 27, 2005), doc. no. 7. When this Court first attempted to screen Plaintiff's complaint, it identified certain pleading deficiencies and directed Plaintiff to file an amended complaint. (See doc. no. 1). Plaintiff filed an amended complaint, and it is that document that is now before the Court for screening. (Doc. no. 2).

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff alleges that when he was at Augusta State Medical Prison ("ASMP") in March of 2005, he - a non-smoker - was placed in a housing unit with smokers. (Doc. no. 2, p. 5). Plaintiff contends that Warden Howerton knows that despite an official no smoking policy at ASMP, inmates smoke any time prison staff turn their backs. (Id.). Plaintiff also contends that on March 21, 2005, Defendant Joe Jones, a Correctional Officer at ASMP, had Plaintiff placed in segregation - where he stayed for nineteen days - rather than assigning him to a bunk in the general population away from known smokers. (Id.). Plaintiff states that even in segregation, he was exposed to smoke coming from adjoining cells. (Id.). Plaintiff also states that it is difficult for him to breathe when he is exposed to second-hand smoke and such exposure has a negative effect on his future health. (Id.).

Plaintiff acknowledges that he did not present the facts relating to his complaint to the appropriate grievance committee. (Id. at 3). However, in the section of the complaint provided for explaining why the prison grievance procedure was not utilized, Plaintiff states, "I have filed several grievance on this same problem I have with smoke. All has been denied: 'Inmate units are non smoking units. Our officers write DRs when they catch inmates smoking. Denied.'" (Id. at 4).

## II. DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

2

confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement.[3] Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover,

---

[3]Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(*per curiam*). Accordingly, Plaintiff's complaints about exposure to second-hand smoke are subject to the administrative exhaustion requirements.

3

satisfying the exhaustion requirement includes pursuing the issue of filing an out-of-time grievance. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. This informal grievance must be filed no later than ten (10) calendar days from the date the prisoner knew or should have known about the facts forming the basis for the grievance, and inmates housed in isolation and segregation areas are provided informal grievances by the staff assigned to those areas. SOP IIB05-0001 § VI(B)(4), (5). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). The Grievance Coordinator may waive the time limit for good cause. Id.

Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). Moreover, if the Warden/Superintendent

4

exceeds the designated response time, the inmate may appeal his grievance to the Commissioner's Office. Id. § VI(A)(11).

In the case at bar, Plaintiff states that he did not utilize the grievance procedure with respect to the facts relating to this complaint because prior grievances had been rejected. In essence, Plaintiff makes a futility argument. He did not file a grievance about his exposure at ASMP because apparently past grievances related to exposure at other institutions were rejected. However, as explained above, there is no futility exception to the exhaustion requirement. Alexander, 159 F.3d at 1328. That he received a negative response to his complaints in the past does not excuse him from utilizing the grievance procedure for the events that occurred at ASMP.[4]

In sum, Plaintiff has not completed the requisite steps necessary to bring his lawsuit in federal court, and his claims are not properly before this Court. 42 U.S.C. § 1997e(a) requires that a prisoner exhaust administrative remedies before filing a lawsuit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (exhausting administrative remedies is "precondition to filing an action in federal court"); Miller v. Tanner, 196 F.3d 1190, 1192-93 (11th Cir. 1999) (same).

### III. CONCLUSION

As Plaintiff has failed to exhaust his administrative remedies prior to commencing the instant lawsuit, he fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** that pursuant to 42 U.S.C. § 1997e, Plaintiff's

---

[4] The Court also notes that even as to his past grievances, Plaintiff does not allege that he appealed to the Commissioner any adverse decisions that he may have received to his institutional-level complaints. (Doc. no. 2, p. 4).

claims be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of November, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE