IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LEONARD W. GIDDENS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 105-166 |
| ) | |
| TONY HOWERTON, Warden, Augusta ) | |
| State Medical Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed.[1] The Magistrate Judge recommended that this case be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to commencing the instant lawsuit. In his objections, Plaintiff concedes that he did not file a grievance but asks that this Court waive the exhaustion rule in this case because the grievance system is "only symbolic with no substance." (Doc. no. 8, pp. 1, 2). However, as the Magistrate Judge explained, there is no futility exception to the exhaustion requirement; all claims must be submitted to the grievance procedure, "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court." Alexander v. Hawk, 159

---

[1] Plaintiff requested and received an extension of time to file his objections. (See doc. nos. 6 & 7). Plaintiff's objections were filed in the form of a "Motion to Wa[i]ve Prison Grievance." (Doc. no. 8). For the reasons set forth above, the motion is **DENIED**.

F.3d 1321, 1328 (11th Cir. 1998); see also Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). As Plaintiff concedes that he did not file a grievance (doc. no. 8, p. 2), his claims must be dismissed.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to 42 U.S.C. § 1997e, Plaintiff's claims are **DISMISSED** without prejudice, and this civil action shall be **CLOSED**.

SO ORDERED this 10th day of January, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE